**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| In re:<br><br>Celia M. Pew and Alexander E. Metcalf,<br><br>Debtors. | No. 26-13566<br><br>Chapter 13 |

**DEBTORS' RESPONSE IN OPPOSITION**
**TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

Come now Celia M. Pew and Alexander E. Metcalf (collectively, the "Debtors," with each a "Debtor"), by and through undersigned counsel, and in opposition to the Motion for Relief from Automatic Stay (the "Motion," as found at DE #25) filed by Select Portfolio Servicing, Inc., as servicing agent for U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, not in its individual capacity but solely as Indenture Trustee for the holders of the CIM Trust 2020-R2, Mortgage-Backed Notes, Series 2020-R2 (the "Movant"), and in support thereof state as follows:

## I. Introduction

The Motion asks this Court to lift the automatic stay and permit Movant to commence foreclosure proceedings against the Debtors' family residence located at 114 West Church Street, Frederick, Maryland 21701 (the "Property"), based principally upon three missed postpetition payments and Movant's assertion that it lacks adequate protection. The Debtors do not dispute that they have fallen behind on their postpetition obligations, and they offer the circumstances as an explanation rather than an excuse. During the period in which the missed payments accrued, Ms.

Pew sustained the deaths of two siblings within a matter of months, undertook extended out-of-state travel following the second loss, and bore—as she continues to bear—primary responsibility for the care of Mr. Metcalf.

What the Debtors dispute is that the payment default, under the circumstances, establishes a lack of adequate protection requiring termination of the stay. Measured against the last BPO value appearing upon Movant's own MFR Datasheet, the Property affords an equity cushion of approximately $799,000, or roughly forty-five percent of that stated value; measured against the Debtors' own more conservative scheduled value, the cushion remains approximately $313,000, or roughly twenty-four percent. Nor do the Debtors seek to remain in the Property indefinitely. They intend to file a further amended Chapter 13 plan establishing a prompt and commercially reasonable sale process, payment of Movant's allowed secured claim from the proceeds at closing, and remittance of the remaining net proceeds to the Chapter 13 Trustee. The Debtors therefore respectfully request that the Court deny the Motion or, alternatively, continue the automatic stay subject to reasonable conditions governing the prompt marketing and sale of the Property.

## II. Responses to Paragraphs 1 through 12

Pursuant to Local Rule 4001-1(c)(3), the Debtors respond to each numbered paragraph of the Motion as follows:

1. Admitted that this Court has jurisdiction to adjudicate the Motion. In further answer, the Debtors deny that Movant is entitled to the relief requested upon the record presented.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted that the Debtors executed a promissory note dated December 7, 2005, in the original principal amount of $980,000.00. Admitted that Movant attached a copy of the Note

to the Motion. In further answer, the Note speaks for itself and was subsequently modified effective August 1, 2023. To the extent Movant characterizes the Debtors' current obligations without reference to that modification, denied.

6. Admitted that the Debtors executed a Deed of Trust dated December 7, 2005, encumbering the Property and recorded among the Land Records of Frederick County, Maryland. Admitted that Movant attached a copy of the Deed of Trust to the Motion. In further answer, the Deed of Trust speaks for itself.

7. Admitted only that Movant seeks relief under 11 U.S.C. § 362(d) based upon the Debtors' failure to maintain certain postpetition mortgage payments. In further answer, the Debtors deny that the payment default establishes a lack of adequate protection or otherwise entitles Movant to termination of the automatic stay.

8. Admitted that the payments due May 1, June 1, and July 1, 2026, in the amount of $6,954.70 each, were not remitted to Movant. In further answer, the Debtors deny that the resulting postpetition arrearage, standing alone, establishes cause to terminate the automatic stay. The Debtors lack sufficient knowledge or information to admit or deny the amount or reasonableness of the attorneys' fees and costs and therefore deny the same.

9. Admitted only that Claim No. 8-1 asserts a prepetition arrearage of $127,253.12. In further answer, Claim No. 8-1 and its supporting documents speak for themselves. The Debtors lack sufficient knowledge or information to admit or deny the accuracy of the asserted arrearage and therefore deny the same.

10. Admitted only that the Motion contains the stated itemization. In further answer, the Debtors deny that the itemization accurately identifies the total debt or principal balance. The

Debtors lack sufficient knowledge or information to admit or deny the precise amount presently due and therefore deny the same.

11. Denied.

12. Denied.

## III. Standard

Movant seeks relief from the automatic stay under section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") to commence foreclosure proceedings against the Property. Section 362(d) provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization;

11 U.S.C. § 362(d). The Bankruptcy Code does not define "adequate protection," and whether a creditor is adequately protected is a case-specific inquiry committed to the discretion of the bankruptcy court, informed by the concern that a secured creditor be protected against diminution in the value of its interest in collateral during the pendency of the case. See 11 U.S.C. § 361; *Grundy Nat'l Bank v. Tandem Mining Corp.*, 754 F.2d 1436, 1439–40 (4th Cir. 1985); *In re Franklin Equip. Co.*, 416 B.R. 483, 522–23 (Bankr. E.D. Va. 2009); *In re O'Connor*, 808 F.2d 1393, 1397 (10th Cir. 1987).

## IV. Argument

### A. Relief from the Automatic Stay Is Not Warranted Because Movant Is Adequately Protected by Substantial Equity in the Property.

An equity cushion may provide adequate protection when the value of the collateral sufficiently exceeds the secured debt to protect the creditor against a decline in collateral value or an increase in the secured claim through accruing interest and expenses. *R&J Contractor Services, LLC v. Vancamp*, 652 B.R. 237, 243-44 (D. Md. 2023). The Fourth Circuit recognizes that an equity cushion is relevant to whether a secured creditor is adequately protected, although the determination ultimately depends upon the evidence of value and the circumstances presented. *In re Snowshoe Co.*, 789 F.2d 1085, 1088–90 (4th Cir. 1986). Courts in this District likewise recognize an equity cushion as a permissible form of adequate protection. *In re Palmer*, No. 08-11619PM, 2008 Bankr. LEXIS 4961, at *2–3 (Bankr. D. Md. June 13, 2008).

The figures contained in Movant's own filings demonstrate substantial equity in the Property. Movant's records report a current principal balance of $902,769.32 and a deferred principal balance of $5,761.38. The Motion also asserts an escrow advance of $41,256.77, fees, late charges, and other recoverable amounts totaling $5,266.64, and a postpetition default of $20,864.10. Those separately itemized amounts total approximately $975,918.21.

Movant separately identifies a prepetition claim amount of $127,253.12. The record does not reconcile that amount with the escrow advance, fees, and other prepetition components separately reported in Movant's filings, and those amounts appear to overlap at least in part. Substituting the prepetition claim for those separately itemized components—and adding it to the current principal balance, the deferred principal balance, and the postpetition default—produces a total of approximately $1,056,647.92. Because the missed installments comprising the prepetition arrearage include principal already reflected in the reported principal balance, that alternative

figure is deliberately overinclusive and is offered only to demonstrate that the conclusion does not depend upon how the components are reconciled.

Against Movant's stated "Last BPO Value" of $1,775,000.00, the itemized calculation leaves approximately $799,081.79 in equity, or approximately forty-five percent. Even the deliberately overinclusive calculation leaves approximately $718,352.08, representing more than forty percent of the Property's stated value. And, against the lower value of $1,289,400.00 reported in the Debtors' schedules, the itemized calculation leaves approximately $313,481.79 in positive equity, or approximately twenty-four percent. Pairing the deliberately overinclusive debt figure with the Debtors' more conservative valuation—thus giving Movant the benefit of both the highest debt calculation and the lowest valuation—would still leave approximately $232,752.08 in positive equity. Under every valuation and every calculation appearing in the record, the value of the Property exceeds Movant's asserted interest by a substantial amount.

Measured against Movant's own valuation, its protection does not depend upon a narrow or uncertain margin. Courts generally recognize that an equity cushion of twenty percent or more provides adequate protection, although the Court must determine the amount of the debt and the value of the collateral based upon the evidence presented. *Vancamp*, 652 B.R. at 244; *see also In re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984). The itemized calculation clears that benchmark under both valuations, and the deliberately overinclusive calculation exceeds it by a wide margin under Movant's own. Even the most conservative pairing available in the record leaves more than $232,000.00 in positive equity protecting Movant's interest.

**B. The Debtors' Proposed Sale Provides a Concrete Means of Satisfying Movant's Claim While Preserving Substantial Equity in the Property.**

The Debtors do not seek to occupy the Property indefinitely at Movant's expense. They intend to file a further amended Chapter 13 plan incorporating a defined process for the prompt marketing and sale of the Property. As presently contemplated, the further amended plan will require the Debtors to retain a licensed real estate broker, list the Property at a commercially reasonable price, use their best efforts to market the Property, and accept a bona fide offer consistent with fair market value. It will further establish firm deadlines for obtaining a ratified contract and completing the sale, with Movant retaining the right to seek stay relief if those deadlines are not satisfied.

The proposed distribution of the sale proceeds protects Movant expressly. After payment of the ordinary and necessary costs of sale, the proceeds will pay all valid, perfected liens and encumbrances against the Property, including Movant's allowed secured claim and prepetition arrears. Only the remaining net proceeds will be remitted to the Chapter 13 Trustee. An orderly sale therefore provides a concrete means of satisfying Movant's claim while preserving the remaining equity for the estate. *See In re Eskim*, LLC, No. 08-509, 2008 Bankr. LEXIS 2224, at *12–14 (Bankr. N.D.W. Va. Aug. 28, 2008).

Whether to grant discretionary relief under section 362(d) requires the Court to balance the potential prejudice to the estate against the hardship Movant would incur if immediate relief were denied. In re Robbins, 964 F.2d 342, 345 (4th Cir. 1992). Here, an orderly, commercially marketed sale is reasonably calculated to preserve several hundred thousand dollars in equity for the estate and its creditors. Movant, by contrast, faces a limited delay while remaining protected by substantial positive equity and receiving payment of its allowed secured claim before any

remaining proceeds are distributed to the Chapter 13 Trustee. The circumstances giving rise to the postpetition default, rather than any indifference to the obligation, further weigh against immediate foreclosure.

If the Court concludes that the postpetition default warrants relief, section 362(d) permits the Court to condition the stay rather than terminate it. 11 U.S.C. § 362(d). The Debtors therefore request, in the alternative, that the stay continue subject to the prompt filing of a further amended plan, listing and commercially reasonable marketing of the Property, compliance with defined contract and closing deadlines, and Movant's right to seek further relief, after notice and a reasonable opportunity to cure, if the Debtors fail to comply. These conditions protect Movant against indefinite delay while preserving the Property's substantial value for the estate.

## V. Conclusion

WHEREFORE**,** the Debtors respectfully pray that this Honorable Court (i) deny the Motion for Relief from the Automatic Stay; (ii) alternatively, continue the automatic stay subject to the prompt filing of a further amended plan, commercially reasonable listing and marketing of the Property, and compliance with defined contract and closing deadlines; and (iii) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

Respectfully submitted,

Dated: August 18, 2026 By: /s/ Christianna A. Cathcart

Christianna A. Cathcart, Esq.
Bar No. 32178
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 655-2066
christianna@dcbankruptcy.com
*Counsel for the Debtors*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of August 2026, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Christianna A. Cathcart
Christianna A. Cathcart