**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| In re:<br><br>Celia M. Pew and Alexander E. Metcalf,<br><br>Debtors. | No. 26-13566<br><br>Chapter 13 |

**MOTION TO APPOINT CELIA M. PEW AS LIMITED GUARDIAN *AD LITEM* OF ALEXANDER E. METCALF FOR PURPOSES OF THIS CASE**

Come now Celia M. Pew ("Ms. Pew") and Alexander E. Metcalf ("Mr. Metcalf," and together with Ms. Pew, the "Debtors," with each a "Debtor"), by and through undersigned counsel, pursuant to Federal Rules of Bankruptcy Procedure 1004.1 and 1016, and move this Honorable Court to appoint Ms. Pew, Mr. Metcalf's wife and co-debtor, as Mr. Metcalf's limited guardian *ad litem* ("GAL") for purposes of administering this Chapter 13 case and undertaking the contemplated sale of the Debtors' real property, and in support thereof state as follows:

## I. Introduction

The Debtors commenced this joint Chapter 13 case on April 2, 2026, upon a voluntary petition each of them executed. At the time of filing Mr. Metcalf was able to act on his own behalf and personally executed the documents necessary to commence this case. Mr. Metcalf, who is eighty-one years old, has for several years lived with serious and long-standing health conditions, including heart disease managed with an implanted pacemaker and defibrillator, the lingering effects of a severe COVID-19 infection in 2020, and fractures of the hip and shoulder. No discrete event has befallen him since the petition date; rather, his condition has steadily deteriorated, and with it his memory. He is now increasingly unable to recall what he has done, whether he has

signed a given document, or why he signed it, which has limited his present ability to execute documents or otherwise participate in matters requiring his signature.

That limitation has arrived at an unforgiving moment. The Debtors' Third Amended Chapter 13 Plan, dated August 31, 2026 (the "Plan"), proposes to pay creditors from the sale of the Debtors' home at 114 West Church Street, Frederick, Maryland 21701 (the "Property"), with the proceeds applied to the ordinary costs of sale and to valid, perfected liens before the balance is remitted to the Chapter 13 Trustee for distribution. Every step of that process—the listing agreement, the seller disclosure, the contract, the deed, and the settlement sheet—requires Mr. Metcalf's signature, which he cannot presently give with a reliable understanding of what he is signing. Nor would it serve Mr. Metcalf, the Debtors' creditors, or any prospective purchaser for him to try, as instruments of that consequence, executed by a signatory who cannot later recall or account for them, would invite challenge and could imperil the closing itself. And no one is presently authorized to sign for him. Mr. Metcalf has no court-appointed guardian or other representative authorized to act for him, and no preexisting power of attorney exists upon which Ms. Pew might rely. Thus, by this Motion, the Debtors seek Ms. Pew's appointment as his limited guardian *ad litem,* with authority to execute on his behalf the documents necessary to administer this case and to market, contract for, and consummate the sale of the Property.

## II. Standard

The provision of a representative for a debtor who cannot act for himself is chiefly controlled by Federal Rule of Bankruptcy Procedure 1004.1, which provides, *in toto*:

> (a) Represented Infant or Incompetent Person. If an infant or an incompetent person has a representative—such as a general guardian, committee, conservator, or similar fiduciary—the representative may file a voluntary petition on behalf of the infant or incompetent person.
>
> (b) Unrepresented Infant or Incompetent Person. If an infant or an incompetent person does not have a representative:

> (1) a next friend or guardian ad litem may file the petition; and
>
> (2) the court must appoint a guardian ad litem or issue any other order needed to protect the interests of the infant debtor or incompetent debtor.

Fed. R. Bankr. P. 1004.1.

The foregoing rule creates a plain juxtaposition, with subsection (a) allowing existing fiduciaries to file petitions for bankruptcy relief and subsection (b) addressing debtors without a representative, including by directing the court to appoint a GAL or issue any other order needed to protect such a debtor. In this case, the need for a representative did not exist at filing but has arisen gradually thereafter, as Mr. Metcalf's condition has progressed. The Debtors therefore seek Ms. Pew's appointment under subsection (b)(2), read together with Rule 1016(b), upon the requisite showing, to act within the limited scope described herein.

Federal Rule of Bankruptcy Procedure 1016, in turn, addresses a debtor's incompetency during a pending case, permitting a Chapter 13 case to continue where further administration is possible and is in the parties' best interests, and to be concluded as though the incompetency had not occurred. Fed. R. Bankr. P. 1016(b); *see In re Matthews*, 516 B.R. 99, 104 (Bankr. N.D. Tex. 2014).

## III. Argument: It is Appropriate to Appoint Ms. Pew as GAL for Mr. Metcalf

Ms. Pew's appointment as GAL is necessary to ensure this case proceeds in an orderly fashion, with Mr. Metcalf's interests protected at every turn. Implementation of the Plan requires the execution of documents—from amended schedules and plan modifications, as necessary, to the instruments required to contract for and consummate the contemplated sale of the Property—that Mr. Metcalf cannot presently execute and that no one is presently authorized to execute for him. As noted by a sister court, ". . . Rule 1004.1 suggests that the bankruptcy court has authority and shall be proactive in making sure an incompetent debtor has a representative to act for him or

her and is protected." *Matthews*, 516 B.R. at 104. Neither the Bankruptcy Code nor the Bankruptcy Rules defines "incompetent," and courts accordingly look to applicable state law for guidance in determining whether a debtor requires such protection. *See In re Rivas*, 656 B.R. 898, 900–01 (Bankr. E.D. Mo. 2023).

In this case, application of state law is relatively simple insofar as Maryland law permits appointment of a guardian of property where a person cannot effectively manage the person's property and affairs because of physical or mental disability, disease, or another enumerated cause, and the person has or may be entitled to property or benefits requiring proper management. Md. Code Ann., Est. & Trusts § 13-201(c). Here, the concern is not merely Mr. Metcalf's ability to sign documents, but his ability to manage the property matters at issue. As described in Ms. Pew's declaration, attached hereto as Exhibit A, his progressive memory decline impairs that ability and supports the limited appointment requested.

While others could no doubt serve, Ms. Pew is the appropriate person to hold that authority. As Mr. Metcalf's wife, co-debtor, and co-owner of the Property, Ms. Pew must execute in her own right nearly every document she would execute on his behalf. Throughout this case, Ms. Pew has served as the Debtors' principal point of contact with undersigned counsel; it was she who identified and contacted the broker the Debtors propose to employ, and her familiarity with the Property, the debt encumbering it, and the Debtors' financial circumstances is unmatched. The role is not one she sought, but she has consented to serve if appointed and seeks no compensation for doing so. That she is herself a debtor warrants a word: the Debtors' interests are aligned upon the matter at hand, the Property being jointly owned and its sale funding the Plan for the creditors of both, but Ms. Pew has undertaken the disclosure obligations set forth in her declaration, and the

Debtors would not oppose the appointment of a disinterested person should this Honorable Court prefer one.

## IV. Relief Requested

The Debtors request Ms. Pew's appointment as Mr. Metcalf's limited guardian *ad litem*, with authority to request and obtain documents and information to which Mr. Metcalf is entitled, to the extent reasonably necessary to prepare the Debtors' bankruptcy filings or undertake the contemplated sale of the Property, including financial records, title information, lien and payoff statements, and settlement information; to execute on Mr. Metcalf's behalf and authorize counsel to file schedules, including amended Schedules I and J, statements of financial affairs, Chapter 13 plans and amendments or modifications thereto, and applications, motions, and other papers reasonably necessary to administer this case and implement the contemplated sale; to execute on Mr. Metcalf's behalf the agreements, legally permissible disclosures, and other documents necessary to market the Property, together with offers, counteroffers, contracts of sale, and related addenda, with any contract subject to the requisite approval of this Honorable Court; following this Court's approval of a sale, to execute and deliver on Mr. Metcalf's behalf the deed and other conveyance instruments, settlement statements, tax and transfer forms, affidavits, escrow instructions, and other documents reasonably necessary to consummate and record the approved transaction; and to communicate with counsel and the parties participating in the transaction concerning the preparation, execution, and delivery of those documents and the completion of settlement in accordance with the Plan and this Court's orders.

The requested authority is confined to a lay, fiduciary role and would not supplant the services of undersigned counsel. It is undersigned counsel who will manage the legal work of this case and present matters before this Honorable Court; Ms. Pew's role would be limited to

executing, pursuant to this Court's order, the documents described above, subject to the limitations imposed by this Court and any further approval required for the transaction.

**V. Conclusion**

WHEREFORE, the Debtors respectfully pray that this Honorable Court (i) enter an order appointing Ms. Pew as limited guardian *ad litem* for Mr. Metcalf, with the authority described herein; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: September 25, 2026

By: /s/ Christianna A. Cathcart

Christianna A. Cathcart, Esq.
Bar No. 32178
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 655-2066
christianna@dcbankruptcy.com
*Counsel for the Debtors*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of September 2026, a copy of the foregoing was served electronically upon filing via the ECF system on all counsel who have entered an appearance herein, including Rebecca A. Herr, Chapter 13 Trustee, and counsel for Select Portfolio Servicing, Inc.

/s/ Christianna A. Cathcart
Christianna A. Cathcart, Esq.