**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND Greenbelt**
**Division**

| | |
|---|---|
| In re:<br><br>Celia M. Pew and Alexander E. Metcalf,<br><br>Debtors. | No. 26-13566<br><br>Chapter 13 |

**DECLARATION OF CELIA M. PEW IN SUPPORT OF MOTION TO APPOINT CELIA M. PEW AS LIMITED GUARDIAN *AD LITEM* OF ALEXANDER E. METCALF FOR PURPOSES OF THIS CASE**

1. My name is Celia M. Pew. I am over the age of eighteen, and I am competent to testify to the matters set forth herein. I submit this declaration in support of the Debtors' Motion to Appoint Celia M. Pew as Limited Guardian *ad litem* of Alexander E. Metcalf for Purposes of This Case (the "Motion").

2. I am a debtor in this Chapter 13 case and the wife of my co-debtor, Alexander E. Metcalf. Mr. Metcalf is eighty-one years old.

3. Mr. Metcalf and I jointly own and reside at 114 West Church Street, Frederick, Maryland 21701 (the "Property").

4. We commenced this Chapter 13 case on April 2, 2026. We each signed the voluntary petition that commenced this case. When we filed, Mr. Metcalf understood what we were doing and why, and he took part in the decision to file.

5. Mr. Metcalf has had serious health problems for several years. He has long-standing heart problems, including atrial fibrillation, and he has an implanted pacemaker and defibrillator. He had a severe case of COVID-19 in 2020, and its effects have lingered. He has also broken his hip and his shoulder.

6. Nothing in particular has happened to Mr. Metcalf since we filed this case. Instead, his health has continued to get worse over time, and his memory in particular has declined. He increasingly cannot remember what he has done, whether he has signed a document, or why he signed it. For example, over the past several months he has asked me more than once whether he signed papers that he had in fact signed only a day or two earlier, and when I showed him his signature, he did not remember signing them. He often asks the same question several times in a single conversation, without remembering that I have already answered it. He also forgets conversations we have had earlier the same day, including about appointments and plans we made together. He can no longer keep track of his own medications, so I now manage them for him.

7. I am not a doctor. I describe Mr. Metcalf's condition based on what I have observed as his wife, living with him every day, and on what his doctors have told us.

8. I am not aware of any court-appointed guardian, conservator, or other fiduciary authorized to act for Mr. Metcalf. I do not hold a power of attorney authorizing me to execute the documents at issue on his behalf. Mr. Metcalf did not sign a power of attorney before his memory began to decline, and I understand that, because of his condition, he may not now be able to give one that would be relied upon.

9. I handle our household finances, including the mortgage and our bills, and I have been the main point of contact with our counsel throughout this case. I am familiar with the Property, the mortgage on it, and our financial circumstances.

10. Our Third Amended Chapter 13 Plan proposes the sale of the Property, with the proceeds applied to the cost of sale and valid liens and the remaining net proceeds paid to the Chapter 13 Trustee for distribution. I wish to proceed with the sale contemplated by that Plan.

11. I contacted J.B. Powell of Real Estate Teams, LLC about listing the Property, and our counsel has prepared an application to employ him as our broker. Mr. Powell has told me that Mr. Metcalf will need to sign the listing agreement and the sale documents, and he asked whether authority exists for me to sign them on Mr. Metcalf's behalf. I told him there is none at present.

12. Unless someone is authorized to sign for Mr. Metcalf, we cannot list the Property, accept an offer, or go to settlement. I also understand that if Mr. Metcalf were to sign documents that he cannot later remember or understand, the sale could be delayed or challenged. I understand that our Plan sets a deadline of December 15, 2026 for closing a sale, and that if we do not have a ratified contract by then, the mortgage creditor may seek relief from the automatic stay, to which we have consented in our Plan.

13. I did not ask for this appointment, and I had been prepared to go forward with the sale without it. I now understand why it may be needed, and I consent to serve as Mr. Metcalf's limited guardian *ad litem* if the Court appoints me.

14. I have told Mr. Metcalf about the Motion and explained that it would allow me to sign documents for him in this case and for the sale of our home. He did not object, and he told me that he wants me to take care of these matters. Because of his memory problems, I do not know whether he will remember our conversation, and I will explain it to him again as needed.

15. If appointed, I will protect Mr. Metcalf's interests when acting on his behalf and consult him about significant matters to the extent he can participate. I will continue to work with our counsel, who will provide legal advice and prepare the necessary filings.

16. I will sign in my own name and identify my representative capacity when acting for Mr. Metcalf. I will sign separately in my individual capacity when required. Any oath or declaration I make will be my own and limited to matters I can truthfully attest to, identifying the source and limits of my knowledge where appropriate.

17. I understand that my interests as a co-debtor and co-owner of the Property could differ from Mr. Metcalf's interests. If I become aware of a material conflict, I will promptly disclose it to counsel and seek direction from the Court before acting on the affected matter.

18. I seek no compensation for serving in this capacity, and I have no interest adverse to Mr. Metcalf in connection with the sale of the Property or the administration of this case, other than my own interest as a co-owner of the Property and a debtor in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 23, 2026.

Celia M. Pew