**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| In re:<br><br>Celia M. Pew and Alexander E. Metcalf,<br><br>Debtors. | No. 26-13566<br><br>Chapter 13 |

**ORDER GRANTING MOTION TO APPOINT CELIA M. PEW AS LIMITED GUARDIAN *AD LITEM* OF ALEXANDER E. METCALF FOR PURPOSES OF THIS CASE**

Upon consideration of the Motion to Appoint Celia M. Pew as Limited Guardian *Ad Litem* of Alexander E. Metcalf for Purposes of This Case (the "Motion," with Alexander E. Metcalf being known as "Mr. Metcalf" and the proposed guardian *ad litem* being known as "Ms. Pew," with Ms. Pew and Mr. Metcalf being known together as the "Debtors"), any objections thereto, the record herein, and governing law, it is, by the United States Bankruptcy Court for the District of Maryland, hereby:

FOUND, that Mr. Metcalf is presently unable to manage his property and affairs effectively for purposes of the acts described herein, is an "incompetent person" within the scope of Federal

Rule of Bankruptcy Procedure 1004.1(b), and has no representative authorized to act for him; and it is further

FOUND, that further administration of this case is possible and is in the parties' best interests, such that this case may proceed; and it is further

FOUND, that Mr. Metcalf's best interests will be advanced through the service of a limited guardian *ad litem* for the duration of this case; and it is further

FOUND, that Ms. Pew is the person best situated to serve in the fiduciary capacity as Mr. Metcalf's limited guardian *ad litem* for the duration of this case; and it is further

ORDERED, that the Motion be, and hereby is, GRANTED; and it is further

ORDERED, that Ms. Pew is appointed Mr. Metcalf's limited guardian *ad litem* for the duration of this case, subject to removal only through (i) her own resignation (for any reason or no reason at all) or (ii) an order of this Honorable Court finding good cause to exist for such removal; and it is further

ORDERED, that as limited guardian *ad litem*, Ms. Pew shall have authority, limited to the following, to:

1. Request and obtain documents and information to which Mr. Metcalf is entitled, to the extent reasonably necessary to prepare the Debtors' bankruptcy filings or undertake the contemplated sale of the Property, including financial records, title information, lien and payoff statements, and settlement information;

2. Execute on Mr. Metcalf's behalf and authorize counsel to file schedules, including amended Schedules I and J; statements of financial affairs; Chapter 13 plans and amendments or modifications thereto; and applications, motions, and other papers reasonably necessary to administer this case and implement the contemplated sale;

3. Execute on Mr. Metcalf's behalf the agreements, legally permissible disclosures, and other documents necessary to market the Property, together with offers, counteroffers, contracts of sale, and related addenda, with any contract subject to the requisite approval of this Honorable Court;

4. Following this Court's approval of a sale, execute and deliver on Mr. Metcalf's behalf the deed and other conveyance instruments, settlement statements, tax and transfer forms, affidavits, escrow instructions, and other documents reasonably necessary to consummate and record the approved transaction; and

5. Communicate with counsel and the parties participating in the transaction concerning the preparation, execution, and delivery of those documents and the completion of settlement in accordance with the Plan and this Court's orders; and it is further

ORDERED, that in executing any document pursuant to this Order, Ms. Pew shall sign in her own name, identifying her capacity as "Limited Guardian *Ad Litem* for Alexander E. Metcalf," and shall sign separately in her individual capacity where required; and any declaration or verification she executes on Mr. Metcalf's behalf shall be made upon her own knowledge, information, and belief, identifying the source and limits of that knowledge where appropriate; and it is further

ORDERED, that any instrument executed by Ms. Pew within the scope of this Order shall bind Mr. Metcalf and his interest in the Property to the same extent as if executed by Mr. Metcalf himself.

Copies:
All Counsel of Record

END OF ORDER