**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| In re:<br><br>Celia M. Pew and Alexander E. Metcalf,<br><br>Debtors. | No. 26-13566<br><br>Chapter 13 |

**DEBTORS' APPLICATION TO APPROVE EMPLOYMENT OF REAL ESTATE BROKERAGE PROFESSIONALS J.B. POWELL AND REAL ESTATE TEAMS, LLC**

Come now Celia M. Pew and Alexander E. Metcalf (the "Debtors"), by and through undersigned counsel, pursuant to section 327 of title 11 of the United States Code (the "Bankruptcy Code"), as well as Federal Rule of Bankruptcy Procedure 2014, and apply to employ Real Estate Teams, LLC, through its licensed real estate agent J.B. Powell (collectively, "Mr. Powell"), to provide brokerage services in connection with the proposed sale of the Debtors' real property, and in support thereof state as follows:

1. This case was commenced when the Debtors filed a voluntary petition for chapter 13 relief, pursuant to section 301 of the Bankruptcy Code, on April 2, 2026.

2. The Debtors are the owners of the real property known as 114 West Church Street, Frederick, Maryland 21701 (the "Property").

3. The Property is scheduled at a value of $1,289,400.00 and is encumbered by a deed of trust securing the claim asserted by Select Portfolio Servicing, Inc., as servicer for U.S. Bank Trust Company, National Association, as indenture trustee for CIM Trust 2020-R2.

4. The Debtors, as part of their chapter 13 plan, intend to sell the Property and use the proceeds of sale to satisfy the liens and other amounts to be administered in accordance with the

Debtors' chapter 13 plan. The contemplated sale is to be completed no later than December 31, 2026. The employment of a realtor is a necessary predicate to that undertaking, and it is for that limited purpose that the instant relief is sought.

5. Approval is sought of the employment of Mr. Powell, to provide the following services to the Debtors:

a. Inspect the Property and evaluate its condition and marketability;

b. Prepare a comparative market analysis and advise the Debtors concerning an appropriate listing and marketing strategy;

c. List and market the Property and coordinate showings to prospective purchasers;

d. Present and assist the Debtors in evaluating and negotiating offers;

e. Assist with customary real estate transaction documents and coordinate with prospective purchasers, cooperating brokers, lenders, title professionals, and counsel; and

f. Perform such other customary brokerage services as are reasonably necessary to consummate a Court-approved sale of the Property.

6. Nothing herein is intended to authorize the sale of the Property, and any such sale will remain subject to the approval of this Honorable Court pursuant to section 363 of the Bankruptcy Code and Local Bankruptcy Rules 6004-1 and 6004-2.

7. Mr. Powell has been a licensed real estate agent in the State of Maryland for approximately twenty-five years, holds Maryland license number 35102, and practices through Real Estate Teams, LLC, 617 West Patrick Street, Frederick, Maryland 21701, the broker of record for which is Roland Castle, Maryland license number 4545.

8. Mr. Powell has, over the course of his career, listed and sold numerous residential properties, historic homes, and farms in Frederick County, and he is accordingly well suited to the marketing of the Property. Mr. Powell has also previously been affiliated with Long & Foster and RE/MAX in Frederick County.

9. Mr. Powell served as both the listing agent and the selling agent in connection with the Debtors' purchase of the Property on October 31, 2000, for a purchase price of $725,000. Following the pre-settlement walkthrough associated with that transaction, Mr. Powell had no further involvement with the Property and no business relationship with the Debtors until Ms. Pew contacted him in connection with the proposed sale in this bankruptcy case. Since that contact, Mr. Powell has conducted a walkthrough of the Property and discussed with Ms. Pew the Property's condition, comparable sales, anticipated marketing strategy, and the sale process. The prior engagement is disclosed in the interest of candor; it does not render Mr. Powell a creditor of the Debtors, and it affords him no interest in the Property or in the proceeds thereof.

10. Mr. Powell does not represent any other person or entity in connection with this case, and Mr. Powell is disinterested as that term is used in section 101(14) of the Bankruptcy Code. Mr. Powell is not a creditor, an equity holder, or an insider of the Debtors; was not, within two years before the date of the petition for relief, a director, officer, or employee of the Debtors; and does not have any interest materially adverse to the interests of the estate or any class of creditors or equity holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors (or for any other reason). Further, Mr. Powell holds no interest adverse to the interests of the Debtors in connection with any of the matters for which employment is sought.

11. Except for the prior engagement disclosed above and as otherwise set forth in the declaration of Mr. Powell attached hereto, Mr. Powell has no known connections with the Debtors,

their creditors, any other party in interest, their respective attorneys or other professionals, the United States Trustee, or any person employed in the Office of the United States Trustee.

12. Under the proposed listing arrangement, the total brokerage commission payable upon the closing of a sale of the Property will be five percent (5.0%) of the gross sales price. The contemplated commission is to be divided between the listing brokerage and any cooperating buyer's broker in accordance with the listing agreement and applicable brokerage arrangements. Any cooperating broker's commission shall be paid first from, and shall not increase, the total five percent commission. Mr. Powell has expressly agreed that neither he nor Real Estate Teams, LLC will pass on to the Debtors or to the estate the administrative charge, sometimes styled a broker compliance fee, of $495.00 that would ordinarily be assessed in a transaction of this nature.

13. The commission would be earned only upon, and paid only from the proceeds of, a closing on a sale of the Property approved by this Honorable Court, with no commission, expense reimbursement, or other charge of any kind if no Court-approved sale closes. All compensation sought in this matter will be subject to the review and approval of the United States Bankruptcy Court for the District of Maryland.

14. It is respectfully suggested that these proposed terms are fair and reasonable in light of the services to be performed and Mr. Powell's experience.

15. Attached hereto, and incorporated herein by reference, is the declaration of J.B. Powell in support of this application.

WHEREFORE, the Debtors respectfully pray this Honorable Court (i) enter an order approving the employment of Real Estate Teams, LLC, through J.B. Powell, to provide real estate brokerage services to the Debtors in connection with the proposed sale of the Property; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: September 30, 2026 By: /s/ Christianna A. Cathcart

Christianna A. Cathcart, Esq.
Bar No. MD 32178
The Belmont Firm, LLC
1050 Connecticut Ave NW, Ste. 500
Washington, DC 20036
Phone: (202) 655-2066
christianna@dcbankruptcy.com
*Counsel for the Debtors*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of September, 2026, a copy of the foregoing was served electronically upon filing via the ECF system on all counsel who have entered an appearance herein, including Rebecca A. Herr, Chapter 13 Trustee, and counsel for Select Portfolio Servicing, Inc., and that a copy was further sent by first-class mail, postage prepaid, to the Office of the United States Trustee, 6305 Ivy Lane, Suite 600, Greenbelt, Maryland 20770.

/s/ Christianna A. Cathcart
Christianna A. Cathcart, Esq.